■ ARTHUR PURO, Respondent, v PUROFIED DOWN PRODUCTS CORPORATION, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Fraiman, J.), entered April 3, 1981, which, *inter alia,* permanently enjoined defendant, without prior court approval, from selling any of its stock to any of its shareholders or purchasing any of its stock from any of its shareholders, modified, on the law, without costs and disbursements, to the extent of striking from the penultimate decretal paragraph the words "permanently enjoined" and substituting therefor "preliminarily enjoined" and, except as thus modified, affirmed. Given the recent corporate recapitalization which involved the issuance of a new class of preferred stock and which would permit the discriminatory repurchase of that stock on a basis that is ratable for some, but not all, of this close corporation's shareholders and the extensive litigation between the parties and notorious hostility between plaintiff Arthur Puro and the majority shareholders, of which Special Term was intimately and uniquely familiar, we believe that an injunction was properly granted. The wholesale corporate restructuring involved here has, as Special Term recognized, the potential for the diversion of corporate earnings and assets to the majority shareholders to the detriment of the minority interest of plaintiff. Thus, the case for judicial intervention has been made. (*Katzowitz v Sidler,* 24 NY2d 512, 518-519.) After examination of the motion papers and extensive argument, the court determined that no factual issues existed and in its order treated defendant's cross motion to dismiss as a motion for summary judgment. We cannot, however, affirm the grant of a permanent injunction. Defendant was never advised that the issues were being summarily decided nor was he afforded the opportunity to demonstrate the existence of triable issues of fact. (See CPLR 3211, subd [c].) Hence, we are modifying the order to reflect the grant of a preliminary injunction only. Concur — Sandler, J. P., Sullivan and Lupiano, JJ.

Silverman, J., dissents in part in a memorandum as follows: I agree that it was improper to grant a permanent injunction against defendant Purofied. I would, however, not grant a preliminary injunction either as I think that even the lesser standard for a preliminary injunction was not met. That the defendants have a potential for misusing their office is not a ground for an injunction, preliminary or permanent. Every board of directors of every corporation has that potential. An injunction requires that there also be shown a real threat that the harm feared will come about if the injunction is not granted; there is no showing of any such threat in this case.